LEROY DAMRON,                           )
                                        )   Bedford Circuit
          Plaintiff/Appellant,          )   No.  7301
                                        )
VS.                                     )
                                        )
YELLOW FREIGHT SYSTEM, INC.,            )   Appeal No.
JERI ELLISON, CAROL HERTHEL,            )   01A01-9712-CV-00724
                                        )
          Defendants/Appellees.         )

FILED

August 19, 1998

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

APPEAL FROM THE CIRCUIT COURT OF BEDFORD COUNTY
AT SHELBYVILLE, TENNESSEE

HONORABLE LEE RUSSELL, JUDGE


Leroy Damron
514 Temple Ford Road
Shelbyville, Tennessee 37160
PRO SE FOR PLAINTIFF/APPELLANT


Wade B. Cowan
315 Deaderick Street
Suite 1425
Nashville, Tennessee 37238-1425
ATTORNEY FOR DEFENDANTS/APPELLEES


## AFFIRMED AND REMANDED.


HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION


CONCURS:
BEN H. CANTRELL, JUDGE
WILLIAM B. CAIN, JUDGE

| | | |
|---|---|---|
| LEROY DAMRON, | ) | |
| | ) | **Bedford Circuit** |
| Plaintiff/Appellant, | ) | **No. 7301** |
| | ) | |
| VS. | ) | |
| | ) | |
| YELLOW FREIGHT SYSTEM, INC., | ) | **Appeal No.** |
| JERI ELLISON, CAROL HERTHEL, | ) | **01A01-9712-CV-00724** |
| | ) | |
| Defendants/Appellees. | ) | |

# O P I N I O N

The plaintiff, Leroy Damron, has appealed from a summary judgment dismissing his suit against his former employer Yellow Freight Systems, Inc., (hereafter "Yellow") and two of its office employees for wages withheld because of levy process issued by the U.S. Internal Revenue Service (hereafter IRS) to collect delinquent income taxes assessed against plaintiff. Plaintiff presents the following issues:

> I. Whether the trial court erred in failing to consider that the Notice of Levy was defective.

> II. Whether trial court erred in granting summary judgment in favor of defendant/appellee, Yellow Freight System, Inc., on the grounds that there was no relief available from state courts and Tennessee Law because defendant/appellee had immunity under the Internal Revenue Code for turning over wages in compliance with a defective Notice of Levy issued by the Internal Revenue Service.

On August 22, 1994, IRS mailed to Yellow a "Notice of Levy" asserting a claim of $86,605.18 against plaintiff for unpaid income taxes for the calendar years, 1984-1988, inclusive. In response to the notice of levy, Yellow forwarded to IRS the net amount of plaintiff's paycheck on each payday thereafter. This suit seeks the recovery from Yellow of the amounts paid to IRS on various grounds of irregularity of procedure by IRS.

On September 8, 1995, plaintiff filed this suit against Yellow and two of its employees. The unsworn complaint alleged in relevant part the following:

> 7. On September 9, 1994, Plaintiff received his paycheck for the pay period ending September 2, 1994, to

find that $562.12 had been deducted and noted as a deduction per court order.

8. Plaintiff had never been informed, by anyone, that a court order for garnishment or any other deductions were pending.

9. On September 12, 1994, the Plaintiff telephoned the Yellow Freight payroll department, spoke to Carol Herthel, and asked for an explanation for the deduction.

10. Defendant Herthel explained that the deduction was made because of a "Notice of Levy" by the Internal Revenue Service she had received by regular mail on August 29, 1994.

- - - -

14. Herthel subsequently made deductions every additional week that the Plaintiff worked, never allowing more than $21.62 to be paid weekly.

15. Plaintiff did not receive his copy of the "Notice" from Yellow Freight until September 23, 1994, by regular mail.

- - - -

19. The defendants had no legal right or obligation to:

C. Honor a false instrument. The "Notice of Levy," form 668-A, was fraudulent on its face, and was not even the proper document to be sent an employer.

- - - -

23. Even if the "Notice" had been lawful, the Defendants would have failed in their responsibility, to the Plaintiff, by not sending him his the copy of the "Notice of Levy," and thereby giving timely notice, as required by law, so that he could claim any exemptions.

- - - -

WHEREFORE, it is prayed that the Court grant the Plaintiff relief as follows:

1. Actual damages in the amount of two thousand dollars.

2. Compensatory and punitive damages in the amount of one hundred thousand dollars.

3. Reasonable attorney fees and costs in bringing this action.

The answer of defendants generally denied wrongdoing and asserted that the complaint failed to state a claim for which relief can be granted.

In support of their motion for summary judgment, defendants filed the affidavit of Jeri Ellison stating:

1. I am a payroll supervisor for Yellow Freight System, Inc., and a defendant in this case.

2. I have personal knowledge of the facts contained in this affidavit.

3. Attached as Exhibit 1 is a true and accurate copy of the Notice of Levy from the Internal Revenue Service received by Yellow Freight System, Inc. on or about August 29, 1994.

4. The payroll deductions that Mr. Damron complains about in his complaint made solely as a result of Yellow Freight System, Inc.'s honoring the Notice of Levy referred to above.

The Notice of Levy exhibited to the affidavit listed federal income taxes and penalties due from plaintiff for the years 1984-1988 in the total amount of $86,605.18, and required Yellow to remit to the IRS the net wages due plaintiff.

The plaintiff filed an unsworn response to defendants' motion for summary judgment with a collection of legal arguments, together with his affidavit stating:

1. On Friday, September 9, 1994, I picked up my paycheck from the guard shack at Yellow Freight's terminal in Nashville, Tennessee.

2. The check showed a deduction of $562.12 for a court order, of which I had no knowledge.

3. I called the payroll department on the next workday, the following Monday, September 12, 1994, and spoke to Carol Herthel, payroll clerk, who informed me that the money had been taken because of an IRS levy.

4. Ms. Herthel told me that she would continue to take my wages until the IRS told her to stop.

5. I was never received any notice from anyone about the Notice of Levy before the confiscation began. After I inquired about my copy to Ms. Herthel, I received it a month later.

6. I have never received a copy of any assessment, or a Notice of Demand For Tax from the IRS.

> 7. Yellow Freight System, Inc. never paid me more than $21.63 for any week after September 9, 1994.
>
> 8. I repeatedly informed Yellow's payroll and legal departments the Notice of Levy was fraudulent, that they made an error in taking my money, but they ignored me.
>
> 9. The above specific facts are made on the personal knowledge of the plaintiff, Leroy Damron, and indicate there is a genuine issue for trial.

The Trial Court sustained defendants' motion for summary judgment, and plaintiff appealed. His first issue asserts that the notice of levy was defective. He argues that the notice of levy was ineffective and should havbe been ignored because he was not notified by IRS in advance that the levy would be sent to Yellow; that it was not on the proper form and was not properly served. Each of these arguments claims a fault of the IRS and not of Yellow or its employees, except it is claimed that Yellow had a fiduciary duty to plaintiff to require IRS to enforce its debt in strict compliance with all applicable laws and regulations.

Yellow responds that it has no duty, fiduciary or otherwise to challenge any process received from the IRS if it appears on its face to be effective.

In *U.S. v. Rogers*, 461 US. 677, 103 S.Ct. 2132, 76 L.Ed. 2d 236 (1983), the United States Supreme Court held that claims of the nature raised by plaintiff "do not require judicial intervention" (by the employer), but that "it is up to the taxpayer --- to go to court."

26 USC § 6332(e) provides that compliance with that of a levy discharges that the receiver of the levy from any obligation or liability to the taxpayer for payments to the IRS in compliance with the levy.

26 USC § 6332(d)(1) provides a 50% of penalty for failure to comply with a levy.

This Court is satisfied that Yellow had and has no duty to plaintiff to ignore, resist or litigate the levy.

Plaintiff's second and last issue asserts that the Trial Court held that plaintiff's claims were not assertable in a state court. Plaintiff asserts no claim that his earnings were incorrectly computed by Yellow. The discussion of plaintiff's first issue establishes that plaintiff's claim should be made in a suit in which IRS is joined.

It is apparent that this controversy is basically between plaintiff and IRS which is not a party to this suit. TRCP Rule 19 reads in pertinent part as follows:

> **19.01 Persons to Be Joined if Feasible**. - A person who is subject to the jurisdiction of the court shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claims interest. If the person has not been so joined, the court shall order that the person be made a party. If the person properly should join as a plaintiff but refuses to do so, he or she may be made a defendant, or in a proper case, an involuntary plaintiff. This rule shall be construed to allow joint tort-feasors and obligors on obligations that are joint and several to be sued either jointly or severally.

> **19.02. Determination by Court Whenever Joinder Not Feasible**. - If a person as described in Rule 19.01(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it; or should be stayed or dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether or not a judgment rendered in the person's absence will be adequate; and (4) whether or not the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

> **19.03.  Pleading Reasons for Nonjoinder.** - A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in Rule 19.01(1)-(2) hereof who are not joined, and the reasons why they are not joined.

The complaint states no reason why IRS was not joined as an interested party.  However, it is doubtful that IRS could be joined in this action without its consent.

Federal courts have jurisdiction of controversies involving the collection of federal taxes. 28 USCA § 1396, 47-B CJS - § 1164 pp. 498 et seq.  The preferable route to a complete and just resolution of the controversy would be a suit within the federal jurisdiction.  Although not claimed by plaintiff, he is allowed an exemption of part of his wages.  28 USCA § 6334(d).

This Court has determined that the present action cannot be justly decided between the present parties because of the absence of an indispensable party.

The judgment of the Trial Court is affirmed without prejudice to further proceedings in the Trial Court or other tribunal of competent jurisdiction for an inclusive adjudication of the rights and liabilities of all interested parties.  Costs of this appeal are taxed against the plaintiff and his surety.

### AFFIRMED AND REMANDED.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCURS:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM B. CAIN, JUDGE